## IN EQUITY.

### SIDLEY vs. SMITH et al.

A mortgagee obtained a decree of foreclosure, and sale on bill taken as confessed against all the Defendants, and thereafter assigned the bond and mortgage and decree, to a third person. Subsequent to the assignment, the mortgagee died; the assignee moved to be made Plaintiff, in place of the deceased, which was opposed, on the ground that he could only be made so by bill of revivor; *held*, that a bill of revivor was not necessary; that immediately after the assignment, the assignee was entitled to be substituted as complainant, being party in interest; the suit had not abated.

*September Special Term*, 1847. *Dutchess county.—Petition of Wm. A. Davies to be substituted as Plaintiff, in place of Sidley, and to enforce the decree heretofore made in this cause.*—A decree of foreclosure and sale was made on the 12th of July, 1842, on bill taken as confessed by all the Defendants. On the 23d of September, 1843, the bond and mortgage and decree were assigned by Sidley to Davies. Sidley died 18th of February, 1846.

Notice of the application having been served upon the executors of Sidley, and upon the Defendant Smith, who is the mortgagor, the latter appeared by counsel, and insisted that by the death of Sidley the suit abated, and must be revived by his representatives, before any further proceedings could be had, and that this could be done only by bill of revivor.

C. W. SWIFT, *for Petitioner.*

V. D. BONESTEEL, *for Deft Smith.*

BARCULO, Justice.—There is no necessity for a bill of revivor. Sidley in his life time transferred all his interest in the decree to Davies. The representatives of the former therefore have no interest in the subject-matter of the suit. In the court of chancery the party in interest is the proper party to the record. Immediately after the assignment, Davies became entitled to be substituted as complainant. Sidley's death has not affected the rights of Davies in that respect. The prayer of the petition must be granted, and an order entered at the foot of said decree, substituting Davies as Plaintiff, and directing the sheriff of the county of Dutchess to sell the mortgaged premises, and out of the proceeds to pay to said Davies or his solicitor, the amount remaining due on said decree, with interest and costs, and to retain the surplus, if any, until the further order of this court.